IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| A'KEEM JAMAL GRINNELL-CROPPER, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-825-RGA |
| CHRISTOPHER SANDS, et al., | : | |
| Defendants. | : | |

A'Keem Jamal Grinnell-Cropper, Howard R. Young Correctional Institution, Wilmington, Delaware; *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

October 7, 2014
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff A'Keem Jamal Grinnell-Cropper, a pretrial detainee at the Howard R. Young Correctional Institution, Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a).

Plaintiff alleges that he was placed in a room with Defendant Christopher Sands, an inmate, who sexually assaulted him. Plaintiff fought off Sands, alerted staff and was placed in administration segregation under investigation. He was charged with assault in a detention facility. Plaintiff was interviewed by a Delaware State Police Troop 1 officer, who did not believe Plaintiff. Plaintiff alleges that Defendant Delaware State Police Troop 1 passed judgment on him and treated him as a suspect instead of a victim. Plaintiff was told that Sands would be charged for assaulting him, but Sands was never charged. Plaintiff alleges that other officers defamed him by calling him a homosexual and saying degrading things. Plaintiff seeks transfer to another prison, for charges to be filed against Sands, as well as compensatory and punitive damages.

## Legal Standards

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison

conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific

2

task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### State Actors

Plaintiff's claim against Sands fails as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Sands is not a state actor. He is an inmate housed at the same prison as Plaintiff. Accordingly, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### Eleventh Amendment Immunity

The claims against the HRYCI and the Delaware State Police Troop 1 also fail as they are immune from suit. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)(per curiam)). Moreover, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Additionally, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State, and in the absence of congressional abrogation or consent, a

3

suit against a state agency is proscribed. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Further, a state agency, such as the HRYCI, which falls under the umbrella of the Delaware Department of Correction, or the Delaware State Police Troop 1, "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The HRYCI and Delaware State Police Troop 1 are immune from suit. In addition, the Court finds the claims against them legally frivolous. Therefore, the Court will dismiss the claims against them pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and
§§ 1915A(b)(1) and (2).

## Defamation

To the extent Plaintiff attempts to raise a defamation claim, it too fails. Verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983. *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause.")). Plaintiff's claim is not cognizable under § 1983, and it will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and
§ 1915A(b)(1).

## Conclusion

For the above reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2). Amendment of the Complaint would be futile.

An appropriate order will be entered.